UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| The Estate of David Hennis by and through its administrator Ad Prosequendum, Patricia Hennis, And Patricia Hennis, in her own right,<br><br>Plaintiff,<br><br>v.<br><br>Cumberland County, Warden Robert Balicki, in his individual capacity, John Does Corrections Officers (1-10, fictitious individuals,) in their individual capacities, and CFG Health Systems, LLC;<br><br>Defendants. | CIVIL ACTION<br><br>INDEX NO.<br><br>1:16-cv-04216-JBS-AMD<br><br>FIRST AMENDED COMPLAINT |

NOW COMES, Plaintiff, by and through the Undersigned Counsel, and hereby brings this Complaint against Defendants as follows:

INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff of his rights secured by the Constitution and laws of the United States of America.

2. In particular, on July 30, 2014, Defendants violated the rights of David Hennis by failing to keep him in a safe and secure

1

environment where he could be kept free from injury, harm, and death, and by failing to provide him with adequate medical care and attention, in violation of the Eighth Amendment to the United States Constitution.

3. In addition, this action is brought by Plaintiff against Defendants under the New Jersey common tort of negligence, as well as the New Jersey Civil Rights Act.

## JURISDICTION AND VENUE

4. Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5. Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the common law and the statutory law of the State of New Jersey.

8. This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391 in that the incident took place in, and upon information and belief, the individual

Defendants reside in or around the County of Cumberland, State of New Jersey.

### PARTIES

10. Plaintiff, Patricia Hennis, is the duly appointed Administratix of the Estate of her late son, David Hennis.

11. Defendant Cumberland County is a county of the State of New Jersey and owns, operates, manages, directs and controls the Cumberland County Department of Corrections which employs the other named and unnamed Defendants. The Cumberland County Administration Building is located at 790 East Commerce Street, Bridgeton, NJ 08302.

12. CFG Health Systems, LLC, ("CFG"), with corporate offices located at 765 East Route 40, Building A-101, Marlton, NJ 08053, contractually provides health care services to inmates at the Cumberland County Jail.

13. Robert Balicki, was, at all times material hereto, the Warden of the Cumberland County Jail, located at 54 W. Broad Street, Bridgeton, NJ 08302. Currently, Warden Balicki serves as the Warden of the Cumberland County Jail. Defendant Balicki is sued in his individual capacity.

14. At all times relevant hereto, Defendants, John Doe Corrections Officers 1-10, are fictitious names representing unnamed corrections officers, employed with the Cumberland County Department of Corrections located at 54 Broad Street, Bridgeton,

3

NJ 08302, who were acting under the supervision of the Cumberland County Department of Corrections and Warden Robert Balicki. Defendants are sued in their individual capacities.

## FACTUAL ALLEGATIONS

15. Upon information and belief, Plaintiff's decedent, David Hennis, was arrested by the Vineland Police Department on July 22, 2014.

16. Upon information and belief, David Hennis was incarcerated at the Cumberland County Jail from July 22, 2014 up until the date of his death.

17. Upon information and belief, upon the booking of David Hennis in the Cumberland County Jail, Defendants, John Doe Corrections Officers 1 - 10, and representatives of CFG, were required to screen Mr. Hennis not only for any physical problems, but also to determine in Mr. Hennis presented a risk for any psychological problems, including suicide.

18. At all relevant times hereto, Defendants, John Doe Corrections Officers 1-10, had a legal duty to maintain a safe and suitable environment where David Hennis could be kept from injury, harm and death.

19. Upon information and belief, on July 30, 2014, David Hennis was discovered "hanging" in a holding cell within the infirmary of the Cumberland County Jail by the on-duty nurse, who attempted to resuscitate him without success, after he had been banging on the

4

cell door for more than half an hour, in a futile attempt to get the attention of the Defendants and/or seek their help.

20. Upon information and belief, Defendants, John Doe Corrections Officers 1-10 were derelict in their duties and failed to patrol at or about the time of David Hennis's death.

21. Upon information and belief, Defendants, John Doe Corrections Officer 1 - 10, and representatives of Defendant CFG, failed to properly screen David Hennis for any suicidal tendencies, or any other psychological problems, and also failed to monitor Mr. Hennis, even though they were aware of prior attempts to commit suicide by Mr. Hennis. In doing so, these defendants breached their legal duty to maintain a safe and suitable environment, and failed to keep David Hennis safe from injury, harm and death, thus causing David Hennis's death.

22. In the events described above, Defendants, John Doe Corrections Officers 1-10 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived David Hennis of his rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

23. The above-described acts and omissions by Defendants, John Doe Corrections Officers 1-10, and representatives of CFG, demonstrated a deliberate indifference to and a conscious disregard for the psychological needs, prior suicidal history and

the overall safety of David Hennis, of which they were aware, or should have been aware.

### FIRST CLAIM FOR RELIEF

### LIABILITY FOR THE COUNTY AND DEFENDANT BALICKI FOR FEDERAL CONSTITUTIONAL VIOLATIONS

24. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

25. Defendants Cumberland County, by and through Defendant Balicki and other policymakers, developed policies and/or customs which caused the deprivation of defendant David Hennis's constitutional rights.

26. Said policies were inherently deficient, which caused the death of David Hennis.

27. Defendant Cumberland County, by and through Defendant Balicki and other policymakers, negligently, recklessly, and/or intentionally:

a. failed to properly train and supervise Defendants John Doe Corrections Officers 1-10 with regard to adequately screening inmates for suicidal tendencies or other psychological problems;

b. failed to property train and supervise Defendants John Doe Corrections Officers 1-10 to adequately monitor inmates, including those with a prior history of suicide attempts at the Cumberland County Jail;

c. failed to properly train and supervise Defendants John Doe Corrections Officers 1-10 to maintain a safe and suitable environment, and to keep inmates safe from injury, harm or death;

d. maintained policies and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for suicidal tendencies or other psychological problems; to be adequately monitored; and to be kept safe from injury, harm or death.

28. The deliberate indifference on Defendant Cumberland County and Defendant Balicki, as illustrated above, was a proximate cause of the constitutional violations suffered by the decedent, David Hennis.

29. The violation of David Hennis's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants Cumberland County and Balicki in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff, Patricia Hennis, on behalf of the Estate of David Hennis and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF

### LIABILITY OF DEFENDANTS JOHN DOE AND CORRECTIONS OFFICER 1 - 10 FOR FEDERAL CONSTITUTIONAL VIOLATIONS

30. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

31. At all times hereto, Defendant John Doe Corrections Officer 1 - 10 were acting under color of state law as employees of Cumberland County and the Cumberland County Department of Corrections.

32. The actions of Defendant John Doe Corrections Officers 1 - 10 as set forth above violated the late David Hennis's rights under the Eighth and Fourteenth Amendments to be incarcerated in a safe and suitable environment, and to be safe from injury, harm or death while incarcerated at the Cumberland County jail.

33. The violations of David Hennis's rights under the United States Constitutions was the fatal injury to Plaintiff's decedent, thereby entitling Plaintiff to compensatory damages from John Doe Corrections Officers 1 - 10 in their individual capacities in an amount exceeding $1,000,000.

34. The actions of Defendants John Doe Corrections Officers 1 - 10 in their individual capacities were intentional, malicious, willful, wanton, and/or reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

35. Plaintiff is entitled to recover punitive damages against Defendants John Doe Corrections Officers 1 - 10, in their individual capacities, in an amount greater than $1,000,000.

36. Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff, Patricia Hennis, on behalf of the Estate of David Hennis and in her own right, demands judgment against the Defendant, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF

### SUPERVISORY LIABILITY OF DEFENDANT BALICKI UNDER 42 U.S.C. § 1983

37. The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.

38. At all times relevant hereto, Defendant Balicki served as Warden of the Cumberland County Jail, in Bridgeton, New Jersey.

39. Plaintiff is informed, believes and therefore alleges that on July 30, 2014, Defendant Balicki was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly screen inmates for suicidal tendencies, of other psychological problems, failure to adequately monitor inmates, and failure to protect inmates from injury, harm or death by staff,

employees and/or corrections officers at the Cumberland County jail.

40. As such, Defendant Balicki not only directed, encouraged, tolerated, acquiesced to this behavior, but was deliberately indifferent to the likelihood that his staff, employees and/or corrections officers would fail to properly screen inmates for suicidal tendencies or other psychological problems, failed to adequately monitor inmates, and failed to protect inmates from injury, harm or death at the Cumberland County Jail.

41. The deliberate indifference of Defendant Balicki to the need for supervision of his staff, employees and/or corrections officers was a proximate cause of the constitutional violations suffered by the decedent, David Hennis.

42. The violation of David Hennis's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Balicki in an amount exceeding $1,000,000.

**WHEREFORE**, the Plaintiff, Patricia Hennis, on behalf of the Estate of David Hennis and in her own right, demands judgment against Defendant Balicki for compensatory and punitive damages, counsel fees and all costs of suit.

### FOURTH CLAIM FOR RELIEF

### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1, et seq. DEFENTANTS CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, JOHN DOES CORRECTIONS OFFICERS 1-10

43. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

44. Defendants, John Doe Corrections Offices 1 - 10 were acting under color of law when they failed to properly screen Plaintiff's decedent, David Hennis, for suicidal tendencies or psychological problems, failed to adequately monitor David Hennis while incarcerated at the Cumberland County Jail, and failed to protect Mr. Hennis from injury, harm or death.

45. The Defendants, Cumberland County and Robert Balicki failed to adequately train or otherwise have and maintain effective policies regarding the screening of inmates for suicidal tendencies, prior suicide attempts or other psychological problems, the adequate monitoring of inmates, and the protection of inmates form injury, harm or death.

46. The Defendants, Cumberland County and Robert Balicki were deliberately indifferent to the likelihood that Cumberland County staff, employees and/or corrections officers, including Defendants, John Doe Corrections Officer 1 - 10, would fail to properly screen inmates for suicidal tendencies or other

11

psychological problems, fail to adequately monitor inmates, and fail to protect inmates from injury, harm or death at the Cumberland County Jail.

**WHEREFORE**, Plaintiff states a cause of action under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

### FIFTH CLAIM FOR RELIEF

### WRONGFUL DEATH
### CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, JOHN DOES CORRECTIONS OFFICERS, CFG HEALTH SYSTEMS, LLC

47. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

48. Defendants owed a duty of reasonable care to Plaintiff's decedent, and to others at the Cumberland County Jail, to properly screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, and to protect inmates from injury, harm or death at the Jail.

49. Defendants failed to use the requisite standard of care, subjecting the decedent, David Hennis, to the violation of his constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

50. The Defendants deliberate indifference to David Hennis's rights caused the death of David Hennis

51. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and breach of other duties owed to the Plaintiff's decedent, David Hennis, the beneficiaries of David Hennis have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

52. The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New Jersey.

**WHEREFORE**, the Plaintiff, Patricia Hennis, as Administrator of the Estate of David Hennis, hereby demands judgment against Defendants for the wrongful death of David Hennis for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, post-judgment interest and counsel fees.

### SIXTH CLAIM FOR RELIEF

**SURVIVAL ACTION
CUMBERLAND COUNTY, WARDEN ROBERT BALICKI,
JOHN DOES CORRECTIONS OFFICERS,
CFG HEALTH SYSTEMS, LLC**

53. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

54. Defendants owed the decedent, David Hennis, a duty to use reasonable care in carrying out the lawful duties associated with, and required by the County jail or detention center.

55. Defendants breached their duties when they failed to use reasonable care, were negligent, reckless, and grossly negligent, directly and proximately causing the death of the defendant David Hennis on July 30, 2014.

56. As a direct and proximate result of said breaches of duties, as described above, the decedent David Hennis, suffered fright and conscious pain and suffering during the time period that he was alive after hanging.

57. As a direct and proximate results of the Defendants' breaches of duty, as described above, the Estate of David Hennis incurred funeral expenses and medical bills.

58. Plaintiff brings a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and fright suffered by decedent, David Hennis.

**WHEREFORE**, the Plaintiff, Patricia Hennis, as Administrator of the Estate of David Hennis, hereby demands judgment against the Defendants for the survival claims of the decedent for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE
### CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, JOHN DOES CORRECTIONS OFFICERS, CFG HEALTH SYSTEMS, LLC

60. The allegation set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

61. Cumberland County and its Corrections Division had a duty to train and supervise its staff, employees and/or corrections officers on properly screening inmates for suicidal tendencies or other psychological problems, adequately monitoring inmates at the County Jail, and protecting inmates from injury, harm or death.

62. Cumberland County and its Corrections Division failed to properly train and supervise its staff, employees and corrections officers on properly screening inmates for suicidal tendencies or other psychological problems, adequately monitoring inmates at the County Jail, and protecting inmates from injury, harm or death.

63. As a direct and proximate result of Cumberland County's negligence, David Hennis, took his life while in the custody of the Cumberland County Department of Corrections on July 30, 2014.

64. Plaintiff is entitled to an award of compensatory damages against the County in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff, Patricia Hennis, on behalf of the Estate of David Hennis and in her own right, demands judgment

against the Defendants for damages, counsel fees and all costs of suit.

### JURY DEMAND

The Plaintiff hereby demands trial by jury.

LAW OFFICES OF CONRAD J. BENEDETTO

/s/ *Kimmo Z. H. Abbasi*
_____
Kimmo Z.H. Abbasi, Esquire
ID No. KA6867
Attorneys for the Estate of David
Hennis, by and through its
Administrator Ad Prosequendum,
Patricia Hennis, and Patricia
Hennis in her own right.
1405 Chews Landing Road
Suite 21
Laurel Springs, NJ 08021
856-500-2727 (Telephone)
khabbasi@benedettolaw.com
