IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DAVID HENNIS and PATRICIA HENNIS, | |
| Plaintiffs, | HONORABLE JEROME B. SIMANDLE |
| v. | |
| WARDEN ROBERT BALICKI and CUMBERLAND COUNTY, | Civil Action No. 16-4216 (JBS-AMD) |
| Defendants and Third-Party Plaintiffs, | |
| v. | **MEMORANDUM OPINION** |
| CFG HEALTH SYSTEMS, LLC, | |
| Third-Party Defendant. | |

**SIMANDLE, District Judge:**

In this action, Plaintiff Patricia Hennis ("Plaintiff") brings several causes of action arising from the suicide death of her son, David Hennis, while in custody of Cumberland County Jail, including failure to properly screen and monitor Mr. Hennis for any suicidal tendencies. As relevant here, CFG Health Systems, LLC ("CFG Health" or "Third-Party Defendant") was not originally named as a Defendant when the Complaint was filed on July 12, 2016 [Docket Item 1] and was later added as a Defendant in an Amended Complaint [Docket Item 26] that was filed after the statute of limitations had expired and not timely served upon CFG Health. For

the reasons discussed in detail in the Court's Opinion dated March 29, 2018 [Docket Item 105], and as summarized briefly below, CFG Health was subsequently dismissed as a Defendant in this matter with prejudice. Defendants/Third-Party Plaintiffs Warden Robert Balicki and Cumberland County (collectively, "Third-Party Plaintiffs") have since filed a Third-Party Complaint and implead CFG Health for indemnification and/or contribution. [Docket Item 128.] Pending before the Court is CFG Health's motion to strike the Third-Party Complaint against it pursuant to Fed. R. Civ. P. 14(a)(4). [Docket Item 129.] For the reasons discussed below, the Court will deny CFG Health's motion and permit Third-Party Plaintiffs to pursue claims against CFG Health for indemnification and/or contribution. The Court finds as follows:

1. **Factual and Procedural Background.**[1] David Hennis was arrested by the Vineland Police Department on July 22, 2014. [Docket Item 26 at ¶ 15.] He was subsequently incarcerated at the Cumberland County Jail on July 22, 2014, until his death by suicide on July 30, 2014. [Id. at ¶¶ 16, 19.] At the time of Mr. Hennis's death, and as discussed below, CFG Health was under contract to provide health care services to inmates at the Cumberland County Jail. [Id. at ¶ 12.] According to the Amended Complaint, Defendants

---

[1] The facts alleged are drawn from the Amended Complaint [Docket Item 26] and Third-Party Complaint [Docket Item 128], and any exhibits attached thereto, which the Court must accept as true for purposes of this motion.

and CFG Health "failed to properly screen David Hennis for suicidal tendencies, or any other psychological problems, and also failed to monitor Mr. Hennis, even though they were aware of prior attempts to commit suicide by Mr. Hennis." [Id. at ¶ 21.]

2. Patricia Hennis, as administrator of Mr. Hennis's estate and in her own right, is the named plaintiff in parallel actions that were filed within two years of Mr. Hennis' death, which the parties refer to as Hennis I and Hennis II. Relevant to the motion currently pending before the Court, Plaintiff initially named CFG Health as a Defendant in the first case ("Hennis I"), which was filed on June 28, 2016 and docketed as Civil No. 16-3858, but not in the second case ("Hennis II"), which was filed on July 12, 2016 and docketed as Civil No. 16-4216. The statute of limitations expired on July 30, 2016, two years after Mr. Hennis's suicide.

3. On August 2, 2016, Plaintiff's former attorney, Mr. Adam Starr, filed a Voluntary Stipulation of Dismissal in Hennis I, which stated, in relevant part, "[t]his Stipulation of Dismissal shall have no bearing on any other cause of action filed on behalf of the Est. of David Hennis." [Hennis I, Docket Item 8.] The Clerk of Court then closed Hennis I upon the docket.

4. For several months, Plaintiff and her new attorney, Mr. Conrad J. Benedetto, actively prosecuted Hennis II without any mention of CFG Health, which was not a named Defendant. Then in December 2016, well after the statute of limitations had run,

3

Plaintiff sought leave to add CFG Health as a defendant in Hennis II for the first time, by way of motion for leave to amend the Complaint. [Docket Item 23.] The Honorable Ann Marie Donio granted Plaintiff's unopposed motion [Docket Item 24], and Plaintiff's counsel filed the Amended Complaint on the docket on January 11, 2017. [Docket Item 25.] But Plaintiff did not serve CFG Health the Amended Complaint until June 8, 2017 [Docket Item 36-12], which is 148 days after the Amended Complaint was filed and well beyond the strict 90-day requirement set forth in Fed. R. Civ. P. 4(m).

5. Then-Defendant CFG Health moved to dismiss all claims against it in Hennis II on the grounds of insufficient service of process and/or the applicable two-year statute of limitations. [Docket Item 36.] One month later, CFG Health moved for sanctions against Plaintiff under Fed. R. Civ. P. 11. [Docket Item 46.] In response to CFG Health's motions to dismiss and for sanctions, Plaintiff cross-moved in Hennis II to vacate the Voluntary Stipulation of Dismissal filed in Hennis I, pursuant to Fed. R. Civ. P. 60(b)(6), on the basis that the Voluntary Stipulation of Dismissal was purportedly filed by Plaintiff's former attorney, Mr. Starr, without Plaintiff's knowledge or permission, and to consolidate Hennis I and Hennis II under Fed. R. Civ. P. 42(a). Reopening Hennis I and consolidating the two cases, Plaintiff reasoned, would resolve the statute of limitations or service of process issues. After new evidence was brought to the Court's

4

attention after oral argument, including that Plaintiff herself had explicitly given Mr. Starr permission to file the Voluntary Stipulation of Dismissal, the Court denied Plaintiff's cross-motion to vacate and consolidate. Hennis v. Balicki, 2018 WL 1558142, at *9-12 (D.N.J. Mar. 29, 2018). Then, because Plaintiff failed to name CFG Health as a Defendant within the statute of limitations and none of the equitable tolling doctrines applied, the Court granted CFG Health's motion to dismiss with prejudice. Id. at *12-14 (D.N.J. Mar. 29, 2018).

6. Shortly thereafter, Warden Balicki and Cumberland County filed a Third-Party Complaint against CFG Health. [Docket Item 128.] According to the Third-Party Complaint, at the time of Mr. Hennis's death, CFG Health was under an agreement with Cumberland County to provide various medical services at the jail, including those related to inmate mental health suicide prevention (hereinafter, "the Agreement"). [Id. at ¶¶ 26-27.] "Specifically, CFG [Health] personnel were required to assess the mental health of inmates upon their entry into the jail; provide necessary counseling/treatment and also to manage the mental health of inmates throughout their incarceration." [Id. at ¶ 27.] Moreover, "[t]he Agreement also provided CFG [Health] would indemnify [Third-Party Plaintiffs] from liability resulting from CFG [Health's] performance under this Agreement." [Id. at ¶ 29.] In

5

relevant part, the indemnification clause of the Agreement reads as follows:

> [CFG Health] further covenants and agrees to indemnify and save harmless [Cumberland County] from the payment of all sums of money or any other consideration(s) by reason of any, or all, such accidents, injuries, damages, or hurt that may happen or occur upon or about such work and all fines, penalties and loss incurred for or by reason of the violation of any owner regulation, ordinance or laws of the State, or the United States while said work is in progress.

[Ex. A to Docket Item 120-1 at 3-4.]

7. CFG Health moved to strike the Third-Party Complaint under Fed. R. Civ. P. 14(a)(4). [Docket Item 129.] Third-Party Plaintiffs have opposed CFG Health's motion [Docket Item 136], and CFG Health filed a reply brief. [Docket Item 138.] The motion is now fully briefed and ripe for disposition. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78.

8. **Standard of Review**. Rule 14 provides that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Once served, the third-party defendant:

(A) must assert any defenses against the third-party plaintiff's claim under Rule 12;

(B) must assert any counterclaim against the third-party plaintiff under Rule 13(a), and may assert any counterclaim against the third-party plaintiff under Rule 13(b) or any crossclaim against third-party defendant under Rule 13(g);

6

> (C) may assert against the plaintiff any defense that the third-arty plaintiff has to the plaintiff's claim; and
>
> (D) may also assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a)(2). Moreover, "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

9. "The purpose of Rule 14(a) is to avoid circularity of action and multiplicity of litigation." Spencer v. Cannon Equip. Co., 2009 WL 1883929, at *2 (D.N.J. June 29, 2009) (internal citations omitted). "However, joinder of third-party defendants under Rule 14 is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court." Remington Arms Co. v. Liberty Mut. Ins. Co., 748 F. Supp. 1057, 1068 (D. Del. 1990) (internal citation omitted). Courts have considered the following factors in exercising their discretion on whether to permit impleader under Rule 14(a): "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." Ronson v. Talesnick, 33 F. Supp. 2d 347, 356 (D.N.J. 1999) (internal citations omitted).

10. **Discussion**. CFG Health argues that the Third-Party Complaint should be stricken for three reasons: (1) Third-Party

7

Plaintiffs' claims are futile; (2) there was undue delay by Third-Party Plaintiffs in seeking leave to file the Third-Party Complaint; and (3) CFG Health will be unfairly prejudiced by being brought into this litigation under these circumstances. The Court addresses each argument in turn.

11. Third-Party Plaintiffs' claims are not futile. CFG Health first argues that Third-Party Plaintiffs' claims are futile because the August 2, 2016 Voluntary Stipulation of Dismissal dismissed all claims against CFG Health in Hennis I and this Court's March 29, 2018 Order dismissed all claims against CFG Health in Hennis II with prejudice. [Docket Item 129-4 at 8-10.] Thus, according to CFG Health, "[a]ssuming arguendo that the indemnification provision of the agreement is viable, . . . there can be no finding of liability resulting from CFG [Health's] performance under [the] Agreement." [Id. at 10.] CFG Health is mistaken.

12. First, Hennis I and Hennis II are distinct cases that were filed by two sets of lawyers shortly before the statute of limitations expired. As the Court has previously noted, see Estate of Hennis, 2018 WL 1558142, at *12, the Voluntary Stipulation of Dismissal in Hennis I expressly preserved Plaintiff's rights to pursue claims in this case, Hennis II. Simply, Plaintiff could not pursue the same case on two fronts, and the Voluntary Stipulation of Dismissal represented Plaintiff's decision to pursue her claims

in Hennis II, with Mr. Benedetto as her attorney, rather than in Hennis I, with Mr. Starr as her attorney. The Voluntary Stipulation of Dismissal did not mention any potential claims by and between then-Defendants Balicki, Cumberland County, or CFG Health. Accordingly, the Voluntary Stipulation of Dismissal does not bar Third-Party Plaintiffs Balicki and Cumberland County from seeking indemnification and/or contribution from CFG Health in this case.

13. Second, this Court's March 29, 2018 Order did not preclude the filing of a Third-Party Complaint against CFG Health. In that Order, the Court dismissed **Plaintiff's** claims in the Complaint against CFG Health, including those for wrongful death and survivorship, negligence, and alleged civil rights violations, with prejudice, because **Plaintiff** failed to name CFG Health as a Defendant within the statute of limitations and none of the equitable tolling doctrines applied. The Court determined, as to Plaintiff only, that the claims were barred by the statute of limitations, and no determination upon the substantive basis of Plaintiff's claim or CFG Health's conduct was made. Now, the remaining Defendants seek indemnification and/or contribution under the Agreement by and between Cumberland County and CFG Health. These unrelated claims are plainly not barred by the Court's March 29, 2018 Order.

14. For these reasons, Third-Party Plaintiffs' claims against CFG Health are not futile.

15. <u>There was no undue delay by Third-Party Plaintiffs</u>. CFG Health next argues that Third-Party Plaintiffs failed to timely file the Third-Party Complaint. [Docket Item 129-4 at 11-13.]

16. As an initial matter, the statute of limitations clearly does not bar Third-Party Plaintiffs' claims against CFG Health for indemnification and/or contribution. "Rather, the statute of limitations pertaining to a defendant's claim for contribution or indemnification begins to accrue when the plaintiff recovers a judgment against it." <u>Mettinger v. Globe Slicing Mach. Co., Inc.</u>, 709 A.2d 779, 786-87 (N.J. 1998) (internal citations omitted); <u>see also</u> <u>Bd. of Educ. Borough of Florham Park v. Utica Mut. Ins. Co.</u>, 798 A.2d 605, 610 (N.J. 2002) ("Indemnification obligations generally accrue only on an event fixing liability, rather than on preliminary events that eventually may lead to liability but have not yet occurred."). Moreover, "[u]nder the entire controversy doctrine, if those claims are known, they should be asserted in the original action." <u>Mettinger</u>, 709 A.2d at 787 (citing <u>Harley Davidson Motor Co. v. Advance Die Casting, Inc.</u>, 696 A.2d 666, 673 (N.J. 1997)). Third-Party Plaintiffs exercised due diligence by filing a motion for leave to file a Third-Party Complaint against CFG Health on June 13, 2018 [Docket Item 120], which was less than three months after the Court dismissed CFG Health as a Defendant. Thus, Third-Party Plaintiffs' claims against CFG Health for

10

indemnification and/or contribution may be asserted in this action and the Third-Party Complaint was timely filed.

17. <u>There is no prejudice to CFG Health</u>. Finally, CFG Health argues that the Third-Party Complaint is unfairly prejudicial to them because of: (1) the Voluntary Stipulation of Dismissal in <u>Hennis I</u>; (2) Plaintiff's violation of the statute of limitations in <u>Hennis II</u>; (3) a delay of trial; and (4) other "issues," namely, that "[t]hrough the Third Party Complaint, Plaintiff Hennis may now be permitted to achieve (i) that which she voluntarily gave up any right to pursue with prejudice through <u>Hennis I</u>, and/or (ii) that which she is barred by operation of law (statute of limitations, etc.) from pursuing in <u>Hennis II</u>." [Docket Item 129-4 at 13-15.] None of these arguments have merit.

18. As discussed above, the Voluntary Stipulation of Dismissal in <u>Hennis I</u> and Plaintiff's violation of the statute of limitations in <u>Hennis II</u> do not affect Third-Party Defendants' right to bring claims for indemnification and/or contribution against CFG Health pursuant to the Agreement.

19. As for CFG Health's third argument, trial in this case may very well be briefly delayed as a result of the Third-Party Complaint. But judicial economy will undoubtedly be best served by permitting Third-Party Plaintiffs to seek indemnification and/or contribution against CFG Health in these proceedings, rather than through a separate lawsuit at a later time (assuming <u>arguendo</u> that

Warden Balicki and Cumberland County are ultimately found liable to Plaintiff). See Spencer, 2009 WL 1883929, at *4 (noting that a delay in trial caused by the reopening of discovery for new claims and parties "is inevitable in most if not all Rule 14 situations, since new claims and parties will increase the time to prepare for trial and the trial complexity, too," but nonetheless explaining that "[s]uch considerations must be weighed against the alternative prospect of two separate trials and the need for attempting to coordinate, and in the end possibility consolidate, the matter for the sake of judicial economy.").

20. Moreover, CFG Health has fully participated in discovery in this and three other consolidated cases, which included more than 15 depositions and several status conferences. See Hennis, 2018 WL 1558142, at *4 n.2. According to counsel for Third-Party Plaintiffs, "[a]t depositions, CFG [Health] asked expensive questions and participated in all aspects of discovery protecting any interest they may have in this matter. In fact, CFG [Health] was present at every single deposition and conference between all parties to this action." [Docket Item 136 at 8.] Thus, to the extent CFG Health will require additional discovery from Third-Party Plaintiffs, any such discovery will be limited and any delay in trial should be brief.

21. Finally, the Court does not agree that CFG Health will be at all prejudiced by Plaintiff's ability to, through the Third-

12

Party Complaint, "achieve (i) that which she voluntarily gave up any right to pursue with prejudice through Hennis I, and/or (ii) that which she is barred by operation of law (statute of limitations, etc.) from pursuing in Hennis II." [Docket 129-4 at 15.] Regardless of whether CFG Health physically appeared as a Third-Party Defendant or merely occupied an "empty chair" at any potential trial, Plaintiff could hold Third-Party Plaintiffs liable for Mr. Hennis's death and then Third-Party Plaintiffs, if found liable, would be entitled to seek contribution and/or indemnification from CFG Health pursuant to the Agreement. In either event, the outcome from CFG Health's perspective would be the same. Since the Third-Party Plaintiffs' claims for contractual indemnification and contribution did not have to be asserted until after these County Defendants are found liable for Plaintiff's loss or injury arising within the indemnification/contribution clauses, CFG Health can scarcely claim it is prejudiced by having early notice of the claim and an opportunity to participate in the preparation of this case for trial on Plaintiff's underlying claims against the County Defendants. Indeed, as a participant at this pretrial stage, CFG Health will have the opportunity to cooperate with Plaintiff and Defendants/Third-Party Plaintiffs in helping to frame the issues for decision by the jury so that, ultimately, it can be clear whether the jury's verdict, if favorable to Plaintiff,

is based upon conduct falling within the zone of indemnification or contribution owed by CFG Health by contract.

22. For these reasons, the Court finds that CFG Health will not suffer unfair prejudice as a result of the Third-Party Complaint against it.[2]

23. **Conclusion**. For the foregoing reasons, the Court will deny CFG Health's motion to strike the Third-Party Complaint. Defendants and Third-Party Plaintiffs Balicki and Cumberland County are permitted to pursue claims against CFG Health for indemnification and/or contribution. The accompanying Order will be entered.

**January 10, 2019**             **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                             U.S. District Judge

---

[2] CFG Health also argues that apportionment of fault and credit for fault of CFG Health is the proper approach in this matter (i.e., that Defendants Balicki and Cumberland County should proceed under an "empty chair" defense at trial). [Docket Item 129-4 at 15-19.] Because Third-Party Plaintiffs have properly impleaded CFG Health pursuant to Fed. R. Civ. P. 14 for the reasons discussed above, the Court will not address this argument. The Court is open, however, to considering whether the trial should be bifurcated with Phase I determining all issues between Plaintiff and Defendants and Phase II, if necessary, addressing indemnification and/or contribution as to CFG Health; this is not decided now.